CASE 50—ACTION TO HAVE AN ORDER CREATING A SCHOOL DISTRICT SET
ASIDE AND TO HAVE A TAX LEVY DISCHARGED.—NOV. 14.

# Howard & Others v. Forrester & Others.

APPEAL FROM HARLAN CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL  REVERSED.

SCHOOLS AND SCHOOL DISTRICTS—NEW DISTRICTS—FORMATION—NO-
TICE—COUNTY SUPERINTENDENT—POWERS.

Held:   1. Kentucky Statutes, section 4427, declares that no change
in the boundaries of any school district shall be made until
ten days' notice in writing shall have been given to the trustees
of the other districts to be affected thereby.   Held, that where
a county superintendent of schools attempted to establish a
new school district out of territory taken from other districts
without giving such required notice, his acts did not constitute
the creation of a new district, and hence a school tax sought to
be collected therein was unenforcible.

2. Kentucky Statutes, section 4418, authorizing the county super-
intendent of schools to decide all questions of difference touch-
ing the administrative duties of the officers and teachers of
common schools in his county, does not confer on such super-
intendent jurisdiction to determine the validity of proceed-
ings for the establishment of a new school district out of terri-
tory taken from other districts.

G. A. EVERSOLE AND TINSLEY & FAULKNER, ATTORNEYS FOR
APPELLANT.

### POINTS AND AUTHORITIES.

1. A county superintendent of schools is not a judicial  officer.
Const., secs. 27 and 28.
2. The taxing power when delegated must be substantially in ac-
cordance with the grant.   Am. & Eng. Ency. of Law, vol. 25,
page 202.
3. The courts may be appealed to to enjoin the collection of an
illegal tax.   Gates v. Barrett, 79 Ky., 295; Allison v. L. & N. R.
R. Co., 9 Bush, 241; L. & N. R. R. Co. v. Warren County, 5
Bush, 243.
4. A county superintendent can only lay off, change, or abolish dis-
tricts between the first of January and the first of April in
each year, and the word "year," in section 4403, means calen-

dar year. Ky. Stats., secs. 4403 and 452. An order creating a new district in the month of December was without authority and void.

5. No change in the boundary of any district shall be made unless ten days' notice be first given to the trustees of other districts to be effected thereby. Ky. Stats., 4427.

6. The right of appeal to the State Superintendent, as provided in section 4418 of the statutes, does not apply to a question of the making, altering or abolishing districts. Ky. Stats., 4418.

J G. FORRESTER, ATTORNEY FOR APPELLEE.

1. The new district was created on a petition filed by the parties interested, which petition was signed by the plaintiffs.

2. When the county superintendent acts on a question of this character he acts in a judicial capacity, and if he errs the remedy is by appeal to the Superintendent of Public Instruction. He can not be sued and be subjected to the payment of costs.

3. The manner of laying off districts is largely directory, not mandatory.

4. The order recites that the trustees of districts Nos. 28 and 29 gave their consent to the change; then what use was there for a notice? And said districts are not complaining. Ky Stats., 4403-4418.


OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

On demurrer the allegation is taken as true that the county superintendent of schools did not give to the trustees of school districts Nos. 28 and 29 notice that he would establish a new district out of territory taken from each of the districts named. Before a county superintendent of schools is authorized to change the boundary of any district, he must give ten days' notice in writing to the trustees of the districts to be affected by the proposed change, for section 4427, Ky. St., reads as follows; ". . . No change in the boundary of any district shall be made to take effect during the current or the following school year, unless made previous to taking the census for such school-year. Nor shall the boundary of any district be

changed unless ten days' notice in writing shall be first given to the trustees of other districts to be affected thereby." If there was not a compliance, or a substantial compliance, with the provision of the statute quoted, the action of the county superintendent was invalid; hence the tax sought to be collected from the appellants is not enforceable. Section 4418, Kentucky Statutes, reads as follows: "The county superintendent shall decide all questions of difference or doubt touching the administrative duties of the officers and teachers of common schools in his county; but appeals from his acts and decisions may be had, on petition of any interested person, to the superintendent of public instruction. The county superintendents shall conform to such reasonable rules and requirements as the superintendent of public instruction shall, from time to time, prescribe and announce to them." The question here involved is not one touching the administrative duties of officers and teachers of common schools. By this section the legislature did not intend to confer upon a county superintendent of schools the jurisdiction to adjudge the rights of parties in a controversy like this one. The judgment is reversed for proceedings consistent with this opinion.