## Patrick, et al. v. Fletcher, et al.

(Decided June 20, 1912.)

### Appeal from Magoffin Circuit Court.

1. Schools—Right of County Superintendent to Recognize Trustees. —When the right to the office of trustee is contested, the county superintendent may, as directed in section 4436 of the Kentucky

Statutes, recognize a trustee among the contestants until the dispute has been settled.

2. Schools—No Appeal Lies From Order Recognizing Trustee.— When the county superintendent has recognized a trustee among contestants for the office, no appeal lies from his order of recognition to the Superintendent of Public Instruction; and neither the Superintendent of Public Instruction nor the State Board of Education has the right to determine in case of contest who is entitled to the office of trustee. This right is confided to the courts.

3. Schools—Powers of Superintendent of Public Instruction on Appeal.—Under section 4396, Kentucky Statutes, giving an appeal to the Superintendent of Public Instruction from the finding of the county superintendent on a question affecting the administrative duties of officers and teachers, the Superintendent of Public Instruction has the right to decide question of administrative detail relating to the management of the schools or the manner in which the officers or teachers are performing their duties.

N. P. HOWARD for appellants.

BYRD & HOWARD for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This record contains nine appeals prosecuted from nine separate judgments involving the complicated affairs of educational district No. 2 in Magoffin county.

One of the suits was brought by Silas Fletcher and T. J. Fletcher against Tom Patrick, F. M. Patrick, J. H. Adams and Martha B. Arnett. Six of the suits were brought respectively by Walter Caine against Harrison Coldiron, Frank Fairchild against Glenn Salyer, Blanche Salyer against Silas Fletcher, Daisy Patrick against Kelse Salyer, Cora Kelly against Joe G. Arnett and James M. May against Pearl Bailey. Two of the suits were brought respectively by Joe Marshall against J. W. Cole and Jack Rice against M. M. Salyer.

The suit of Fletcher against Patrick involves the title to the office of chairman of the board of educational division No. 2 and the title to the trusteeship in subdistrict No. 3 of this educational division. The suits of Caine, Fairchild, Salyer, Patrick, Kelly and May involve the question as to whether the plaintiffs or the defendants had the right to teach six of the common schools in educational division No. 2 for the school year ending June, 1911. The suits of Marshall against Cole, and Rice against Salyer, involve the question as to whether

the plaintiffs or the defendants were entitled to act as trustees of subdistricts Nos. 2 and 13.

The controversy in these cases grows chiefly out of the facts appearing in the suit of Silas and T. J. Fletcher against the Patricks, Adams and Arnett, and, as the disposition of this suit practically settles the questions arising in the other suits, we will dispose of it first.

In 1909 T. J. Fletcher was elected trustee of subdistrict No. 3 in educational division No. 2, and soon thereafter was selected as chairman of this educational division, which consisted of thirteen subdistricts and consequently thirteen trustees. In the fall of 1909, T. J. Fletcher went to some of the western States, where he remained until about the first of April, 1910. Whether he left the State for the purpose of permanently removing therefrom or was only on a visit and sight-seeing, intending to return, is a question about which there is much dispute. Fletcher, insisting that he never had any intention of removing his residence from Magoffin county, but always had the purpose of returning as he did do in the spring of 1910; while Adams and the Patricks insist that he left the State with the intention of remaining away, and thereby vacated his office as trustee and chairman. It appears, however, that during his absence J. H. Adams, who was a trustee in the educational division was designated as temporary chairman and as such chairman was authorized to and did sign such reports as it was necessary the chairman should sign; and, that F. M. Patrick was elected by the members of the educational board to fill the vacancy supposed to exist in the trusteeship held by Fletcher. About the first of April, 1910, Fletcher returned to Magoffin county, and, upon his return was recognized by the County Superintendent as the trustee in the district in which he had been elected and as chairman of the educational division. After this, and on June 8, 1910, Adams, who had been acting as chairman in place of Fletcher, and Patrick, who had been acting as trustee instead of Fletcher, filed their petition with the County Superintendent of Magoffin county, asking that the County Superintendent recognize Adams as chairman and Patrick as trustee. To this petition, Fletcher filed an answer, and, upon hearing the case, the County Superintendent, Martha B. Arnett, on the 13th of June, 1910, entered an order declaring that Fletcher was the duly elected, qualified and acting trustee in subdistrict No. 3, in educa-

tional division No. 2, and that he was also the legally elected chairman of that division. From this judgment of the County Superintendent, Adams and Patrick appealed to the Superintendent of Public Instruction of the State, and this officer on the 24th of June, 1910, reversed the finding of the County Superintendent and held that Patrick was the trustee and Adams the chairman. On the same day, an appeal was taken from the judgment of the Superintendent of Public Instruction to the State Board of Education, and this board on June 24, 1910, affirmed the ruling of the Superintendent of Public Instruction. On the following day, June 25, 1910, at an early hour in the morning, Fletcher claiming to be the chairman of the educational division, called a meeting of the trustees, at which meeting there was present more than a majority of the trustees, and thirteen teachers were selected and employed to teach the thirteen schools in this educational division for the school year ending June, 1911. A few hours after this, and on the same day, Adams also claiming to be the chairman of this educational division held a meeting, at which there was present eight or nine persons purporting to be trustees of this educational division, and at this meeting thirteen teachers were selected and employed to teach the schools in the district. Seven of the teachers employed at the meeting presided over by Adams were the same persons that had been previously selected and employed by the meeting presided over by Fletcher; but, six of the teachers were persons other than those selected at the Fletcher meeting.

If the decision of the County Superintendent in the controversy between Fletcher and F. M. Patrick made on June 13, 1910, was such a decision as could not be reviewed or reversed by the Superintendent of Public Instruction or the State Board of Education, then on June 25th, Fletcher was the trustee in subdistrict No. 3, and the chairman of educational division board No. 2, and the teachers selected at the meeting presided over by him were legally selected and employed. On the other hand, if the decision of the County Superintendent recognizing Fletcher as trustee and chairman was subject to review by the Superintendent of Public Instruction or the State Board of Education or both, Fletcher was neither trustee nor chairman on June 25th, and so the meeting called and presided over by him was not authorized to select or employ teachers. Having this view of the matter, the

first and indeed the controlling question in this case is, whether or not the decision of the county superintendent recognizing Fletcher as trustee was subject to review by the Superintendent of Public Instruction or the State Board of Education.

Subsection 4 of section 4426a of the Kentucky Statutes provides in part that the trustees of the various subdistricts of each educational division shall choose one of the trustees to be chairman and one to be secretary of the division board; and further provides that "any vacancy that may exist in the trusteeship of any school subdistrict shall be filled by appointment by the division of the educational division of which said subdistrict is a part, and to them petition may be made by the voters of the subdistrict. Should the office of chairman of a division board become vacant the County Superintendent, as soon as the election has been held to elect a subdistrict trustee as above provided, shall call a meeting of said division board and shall then proceed to elect another chairman, and until a chairman is so elected, such division board may choose one of its members as a temporary chairman."

In section 4436, it is provided in part that "In case of controverted right to the office of trustee, the county superintendent is empowered to recognize a trustee among the contestants until the dispute has been settled."

Section 4418 provides that "The County Superintendent shall decide all questions of difference or doubt touching the administrative duties of the officers and teachers of common schools in his county, but appeals from his acts and decisions may be had on petition of any interested person to the Superintendent of Public Instruction." * * *

Section 4396 provides in part that "The Superintendent of Public Instruction shall at the written request of any County Superintendent of common schools decide any question of difference or doubt touching the administrative duties of the officers and teachers of the common schools of his county. The decision of the Superintendent of Public Instruction shall in such case be final, unless appeal be prosecuted from his decision to the State Board of Education within thirty days."

It will be observed that under section 4436 it is the right and duty of the County Superintendent when a controversy arises as to who is entitled to hold the office

of trustee, to recognize one of the contestants as trustee until the dispute has been settled. Here, a controversy did arise between Patrick and Fletcher, as to which one of them was entitled to hold the office of trustee, and the County Superintendent recognized Fletcher as entitled to the office. If Fletcher was entitled to the office of trustee, no question can be or is raised as to his right to hold the office of chairman of the division board as the trustees of the division board under subsection 4 of section 4426a have the right to elect a chairman, and also the right to choose one of their members as temporary chairman. While conceding that the County Superintendent had the right to temporarily determine the controversy between Patrick and Fletcher by recognizing Fletcher, it is insisted by counsel for appellants that as an appeal could be and was taken from the decision of the County Superintendent to the State Superintendent, and from his decision to the State Board of Education; and that the decision of the Superintendent of Public Instruction in the first place and the subsequent decision of the State Board of Education, was a final and conclusive adjudication that Fletcher was not trustee or chairman. It will be noticed that the controversy between Fletcher and Patrick related to which one of them was entitled to hold the office of trustee. The question at issue did not relate to an administrative detail of the office of trustee, but went at once to the point as to which one of them was trustee. We do not think that either the County Superintendent or the Superintendent of Public Instruction or the State Board of Education has the right under the statute to determine in case of a contest who is entitled to hold the office of trustee, although the County Superintendent is invested with authority to recognize one among the contestants as trustee until the controversy between them is settled. When a question comes up as to who is entitled to hold the office of trustee, this question can only be finally settled by the courts; but, pending the settlement by the courts, the county superintendent may recognize one of the contestants as trustee. Section 4418, giving the County Superintendent the right to decide "all questions of difference or doubt touching the administrative duties of the officers and teachers of common schools" and allowing an appeal from his acts and decisions to the Superintendent of Public Instruction, and section 4396 giving the Superintendent of Public In-

struction the right "upon the written request of any County Superintendent of common schools to decide any question of difference or doubt touching the administrative duties of officers and teachers of the common schools in his county," does not lodge in either of these officers the right to determine who in case of a contest is entitled to the office of trustee. The right to decide questions of difference and doubt touching the administrative duties of officers and teachers only conferred upon the Superintendent of Public Instruction the right to decide questions of administrative detail that might come before him relating to or affecting the management of the schools or the manner in which the officers or teachers were performing their duties. Howard v. Forester, 109 Ky., 336. This being our construction of the statute, no appeal could be taken to the Superintendent of Public Instruction from the decision of the County Superintendent recognizing Fletcher as entitled to hold the office of trustee, and, consequently, the Superintendent of Public Instruction and the State Board of Education were without authority to determine as between Patrick and Fletcher which one of them was entitled to hold the office. This being so, the action of the County Superintendent in recognizing Fletcher as trustee conferred upon Fletcher the right to act as trustee until the question as to his right to hold the office was determined by the court in the suit of Fletcher against Patrick, in which this question was directly presented for adjudication and there was no adjudication of the question until the judgment of the lower court in the suit of Fletcher against Patrick was entered in February, 1911, if there was then.

The case of Stephens v. Marrs, 19 Ky. L. R., 623, is not in conflict with the view we have expressed that the Superintendent of Public Instruction has no power to decide in case of a contest who is entitled to the office of trustee. In that case the question arose under section 4417 of the Kentucky Statutes, providing in substance that the County Superintendent may suspend or remove a trustee for incompetency, neglect of duty, immoral conduct, or other disqualifications; and the only matter decided by the court upon the point under consideration was that where the County Superintendent under authority of this section removed a trustee, the trustee so removed had the right of appeal to the Superintendent of Public Instruction.

In the judgment appealed from the court did not decide whether Patrick or Fletcher was entitled to hold the office of trustee, although Fletcher in his petition asserted his right to the office and Patrick in his answer and counterclaim insisted that he was entitled to the office and prayed that it be so adjudged. The record does not disclose why the lower court declined to decide the question as to who was entitled to the office of trustee. Perhaps he was of the opinion that neither Fletcher nor Patrick was entitled to the office, but be this as it may, and whatever effect the judgment may be said to have had, Fletcher by virtue of his recognition by the County Superintendent was authorized to act as trustee from June 13, 1910, until February, 1911, when the judgment was entered. And so, the meeting at which Fletcher presided when the teachers were selected and employed was legally called and held, and the teachers selected and employed at this meeting were legally entitled to teach, as they did do, the common schools in this educational division.

As it is necessary however on the appeal of Patrick from the decision of the lower court dismissing his counterclaim in which he asserted his right to the office of trustee, that we should pass on the question as to whether Patrick or Fletcher was entitled to the office, we are of the opinion from an examination of the evidence that Fletcher by his temporary absence did not vacate the office of trustee. It follows from this that the judgment holding that Patrick was not entitled to the office should be affirmed. The lower court dismissed the petition of Fletcher, in which he asserted title as against Patrick to the office, but there is no appeal from this judgment, and hence we cannot decide that Fletcher was entitled to the office of trustee, but this fact does not interfere with his right to hold the office under the recognition of the County Superintendent. Nor is it really material because his term of office expired before the appeal was prosecuted.

In the suits of Silas Fletcher and T. J. Fletcher against Tom Patrick, F. M. Patrick, J. H. Adams and Martha B. Arnett, Tom Patrick who claimed that he was elected and employed by the meeting presided over by Adams to teach the school that Silas Fletcher was selected and employed to teach at the meeting presided over by T. J. Fletcher, asserted his right to teach this school in the suit brought by Fletcher; but, the court dis-

missed both the suit of Silas Fletcher and the counter-
claim of Tom Patrick, without deciding which one of
them, if either, was entitled to teach the school. From
the judgment declining to adjudge him entitled to teach
the school, Patrick appeals; but, as Fletcher was se-
lected and employed by the meeting called and presided
over by T. J. Fletcher he was entitled to and did teach
the school, and on the appeal of Tom Patrick the judg-
ment declining to adjudge that he was entitled to teach
or to the money allowed for teaching, is affirmed.

The petitions of Walter Caine against Harrison
Coldiron, Frank Fairchild against Glenn Salyer,
Blanche Salyer against Silas Fletcher, Daisy Patrick
against Glenn Salyer, Joseph Kelly against Cora C.
Arnett and James M. May against Pearl Bailey, in
which the plaintiffs respectively sought to be adjudged
the right to teach the schools in place of the respective
defendants, were each dismissed by the lower court. As
the plaintiffs in these suits were selected and employed
at the meeting presided over by Adams, and the defend-
ants in each of these suits were selected and employed
at the meeting presided over by Fletcher, and as each of
the defendants did in fact teach the schools, the judg-.
ments in each of the cases for the reasons heretofore
stated must be affirmed.

The suits of Marshall against Cole, and Rice against
Salyer, were brought for the purpose of having it ad-
judged that Marshall and Rice and not Cole and Salyer
were entitled to the offices of trustees in two of the sub-
districts in educational division No. 2. There was a
vacancy in subdistrict No. 13 caused by Wallis Cole ac-
cepting the office of justice of the peace, and a cacancy in
subdistrict No. 2 caused by the removal of Cul Whitta-
ker who was a trustee from the subdistrict; and, these
vacancies were filled at the meeting of the trustees called
and presided over by Fletcher by the election of Mar-
shall in place of Wallis Cole, and by the election of
Rice in place of Whittaker. At the meeting called and
presided over by Adams, John W. Cole was attempted
to be elected to fill the vacancy caused by the resignation
of Wallis Cole, and M. M. Salyer was attempted to be
elected to fill the vacancy caused by the removal of Whit-
taker. The suits of Marshall against Cole, and Rice
against Salyer, were brought to enjoin John W. Cole and
M. M. Salyer from attempting to exercise the duties of
trustee in these subdistricts. In their answer to these

suits, John W. Cole and M. M. Salyer asserted that they were entitled to hold the office of trustee and asked that it be so adjudged. The lower court however without determining which of the contestants was entitled to act as trustee, dismissed the suits, and from the judgment dismissing their counterclaims John W. Cole and M. M. Salyer appeal. No appeal is prosecuted by Marshall or Rice. As Marshall and Rice were elected to fill the vacancies at the meeting presided over by Fletcher, they and not Cole and Salyer were entitled to the offices, and the lower court should have so adjudged. But as it did not, and as no appeal was prosecuted by Marshall or Rice, the judgment upon the appeal of John W. Cole and M. M. Salyer is affirmed.

It is, therefore, ordered that the judgments appealed from by Tom Patrick, F. M. Patrick, J. H. Adams, Walter Caine, Blanche Salyer, Frank Fairchild, Daisy Patrick, Cora Kelly, James May, John W. Cole and M. M. Salyer, and each of them, are affirmed in so far as the judgments may be deemed to have determined that neither of these parties was entitled to the relief sought; and, so much of the judgment in the cases of Walter Caine against Harrison Coldiron, Frank Fairchild against Glenn Salyer, Blanche Salyer against Silas Fletcher, Daisy Patrick against Kelse Salyer, Cora Kelly against Joseph Arnett and James M. May against Pearl Bailey as adjudged that Silas Fletcher, Harrison Coldiron, Glenn Salyer, Kelse Salyer, Joseph Arnett and Pearl Bailey, as adjudged that the defendants who taught the schools in the several districts were entitled to the school money, is affirmed.